IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 27, 2016 Session

**EARL G. DONALDSON v. TERRI ALLISON DONALDSON**

**Appeal from the Circuit Court for Sumner County**
**No. 2014CV9       Joe Thompson, Judge**

**No. M2015-01035-COA-R3-CV – Filed June 30, 2016**

D. MICHAEL SWINEY, C.J., dissenting.

I respectfully dissent from the majority's opinion in this case. I instead would affirm the judgment of the trial court in its entirety.

I take no issue with the majority's discussion of the law concerning alimony. I do disagree with the majority's determination "that the trial court has not made adequate findings relative to the determination that Husband has a need for alimony and that Wife has the ability to pay; that rehabilitative, transitional, or other short-term alimony is not feasible; or that Husband required long-term support. Moreover, we fail to see the factual basis of an award of $1,450 per month when Husband's testimony did not account for an excess of approximately $1,300 per month, and Wife's testimony showed an excess of approximately $400. In the absence of such findings, we are unable to afford the trial court's decision the deference normally afforded to such decisions."

I believe the trial court did make adequate findings relative to alimony. I also believe that the trial court correctly found that Husband is an economically disadvantaged spouse as defined by the statute:

> . . . meaning that the disadvantaged spouse is unable to achieve, with reasonable effort, an earning capacity that will permit the spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

Tenn. Code Ann. § 36-5-121(f)(1).

The trial court specifically found that "[s]ince the parties' separation, the Wife has enjoyed a higher standard of living than Husband." The trial court further found that Wife has a doctorate in nursing practice; that Wife's income is $112,000 plus income supplementation of $5,000 to $12,000 per year; that Husband did not complete his high school education but does have his GED; that Husband's income is $67,000 per year; and that Husband's "opportunities for advancement are limited." The record does not preponderate against these findings by the trial court, including that Husband is an economically disadvantaged spouse as defined by the statute.

Clearly, the record supports the trial court's finding that Husband has a need if Husband is to reach the standard of living described in Tenn. Code Ann. § 36-5-121(f)(1). As to Wife's ability to pay, I do not believe the fact that Wife manages to have monthly expenses roughly equal to 240% of Husband's monthly expenses insulates her from having the "ability" to pay.

This case does illustrate the difficulty courts are faced with because of conflicting goals in alimony cases. First, as correctly stated by the majority, "[T]here is a statutory bias toward awarding transitional or rehabilitative alimony over alimony in solido or in futuro." *Gonsewski v. Gonsewski*, 350 S.W. 3d 99, 109 (Tenn. 2011). Then, however, courts are instructed by statute, also as set out by the majority, that alimony *in futuro* is appropriate when there is a relative economic disadvantage and that rehabilitation is not feasible as defined by the statute as already discussed. This inherent conflict is evident from the facts in this case. We have a spouse, Husband, who makes approximately $67,000 a year in a stable job. Certainly, Husband has the financial ability to take care of himself. However, we have the other spouse, Wife, who because of her greater income is able to enjoy a post-divorce standard of living much higher than what Husband can afford solely on his income.

In summary, I believe the trial court sufficiently detailed its factual findings pertinent to all relative factors concerning alimony. I find no reason to disturb the judgment in any way, and I would affirm the judgment in its entirety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE